STATE OF MONTANA, ex rel., LLOYD SCOTT MAIER, a Minor, and Robert P. Morin, His Attorney, Petitioners, v. THE CITY COURT of the CITY OF BILLINGS, County of Yellowstone, Honorable Donald E. Bjertness, A Judge Thereof, Respondents.

No. 82-168.
Submitted July 16, 1982.
Decided Aug. 20, 1982.
On Rehearing April 14, 1983.
662 P.2d 276.

Berger, Sinclair & Nelson, Billings, Robert Morin, Billings, for petitioners. Donald E. Bjertness, Billings, Peterson, Schofield & Leckie, Billings, for respondents.

MR. JUSTICE HARRISON delivered the opinion of the

Court.

This is a petition by the minor, Lloyd Scott Maier, and his counsel, Robert P. Morin, for a writ of supervisory control or other appropriate writ. We grant the petition and deny.

On February 4, 1982, the petitioner, Lloyd Scott Maier, was issued a notice to appear on a complaint of failure to drive in a careful and prudent manner. The complaint was issued by officer Dewayne Ness, a police officer employed by the City of Billings. He was not required to appear until February 11, 1982. The petitioner, Maier, appeared on the eleventh day before the City Court of the City of Billings, County of Yellowstone, before respondent Judge, Donald E. Bjertness. At the time of his appearance, he was asked if he had a parent with him. He replied that he did not and Judge Bjertness directed him to leave the courtroom, go to a phone provided for him and call his parents to have them appear with him. After some time he reappeared in the courtroom, and indicated to Judge Bjertness that his parents would not appear with him and he would have to appear by himself. After being told that the parents would not appear with him, Judge Bjertness accepted the petitioner's plea of guilty and fined him in the amount of $45. The motor vehicle he was driving was impounded after petitioner told the court that he did not have the $45. In addition to impounding the car he was driving, the petitioner, Maier, was required to turn in his Montana driver's license to the court.

Petitioner hired counsel in February 1982, six days after having entered the plea and through counsel filed a motion to withdraw his plea of guilty with a memorandum in support to the city court.

At both appearances, the petitioner, Maier, was age seventeen, born on July 25, 1964.

Two months later, the petitioner appeared with counsel, Morin, requesting a withdrawal of the previous plea of guilty. After evidence was heard, Judge Bjertness entered a written order denying the petitioner's motion to withdraw

the plea of guilty. The court issued the order on May 13, 1982.

At the time of his appearance on April 12, 1982, petitioner contended that as a seventeen-year-old youth, he was unable to intelligently and understandingly enter a plea of guilty. He argued that, as a minor, as a matter of law, he was incompetent to appear without parent and/or an attorney in entering his plea of guilty.

The respondent judge, in his May 13 written order denying the withdrawal of the plea, stated that a juvenile appearing in the City Court on a traffic citation does not have the right to appointed counsel and found it was unnecessary to have appointed counsel present when one considers there was no provision for incarceration of a juvenile conviction relative to a minor traffic violation.

The sole issue presented to this Court by the petitioner's request is whether a minor is incompetent to appear in a City Court on the charge of failing to drive in a careful and prudent manner without a parent, guardian or attorney and waive his right in order to enter into a valid plea of guilty. The petitioner argues Judge Bjertness failed to follow the clear mandates of section 41-5-511, MCA, section 61-12-601, MCA, and our recent case of *Edward v. Collings* (1981), Mont., 632 P.2d 325, 38 St.Rep. 1240.

In *Edward,* supra, this Court considered a writ of habeas corpus on behalf of a minor who had entered a plea of guilty of illegal possession of alcohol, where the court sentenced the minor to a fine of $50 and ten days in the Powell County jail to be served on weekends. As here, the youth was unaccompanied by a parent or counsel at the time of the plea and petitioner alleged that he requested the right to speak to his father before entering a plea, but that such requesting was denied after he admitted the possession of two cans of beer. This Court held that the Montana Youth Court Act, Chapter 5, sections 41-5-101 through 41-5-924 applied.

However, there is an important distinction between *Ed-*

*ward* supra, and the present case. The violation in *Edward* was an illegal possession of alcohol, where an incarceration sentence was imposed. In this case the charge was only that of a traffic violation without an imposition of any incarceration. Here, there was no possibility of any jail time being given as part of the sentence according to our law.

We find that neither the statutory provisions of the Montana Youth Court Act apply nor is the *Edward* case determinative of the issue presented to us. Under the provision of 61-12-601, MCA, the City Court had jurisdiction of the matter, and the penalties prescribed and ordered by the court were within the statutory authority granted.

*"Unlawful operation by minor—jurisdiction of courts—penalties.*

"(1) The District Courts and the Justices' Courts of the state and the Municipal and City Courts of cities and towns shall have concurrent original jurisdiction in all proceedings concerning the unlawful operation of moter vehicles by children under the age of 18 years.

"(2) Whenever, after a hearing before the court, it shall be found that a child under the age of 18 years has unlawfully operated a motor vehicle, the court may:

"(a) impose a fine, not exceeding $50, provided such child shall not be imprisoned for failure to pay such fine;

"(b) revoke the driver's license of such child, or suspend the same for such time as may be fixed by the court; and

"(c) order any motor vehicle owned or operated by such child to be impounded by the probation officer for such time, not exceeding 60 days, as shall be fixed by the court. However, if the court shall find that the operation of such motor vehicle was without the consent of the owner, then such vehicle shall not be impounded.

"(3) Upon nonpayment of any fine herein provided for, the court may order that any motor vehicle owned by said child or operated by said child with the consent of the owner shall be impounded until the fine shall be paid, or may order that the driver's license of such child shall be taken up

and held by the probation officer until payment of said fine, or may cause both said motor vehicle and said driver's license to be taken up and impounded until such fine shall be paid; but no child shall be committed to or held in any detention facility or jail by reason of non-payment of such fine." Section 61-12-601, MCA.

█ In addition, we note that the Montana Youth Court Act does not apply to traffic violations. Section 41-5-511, MCA, provides as follows:

*"Right to Counsel.* In all proceedings following the filing of a petition alleging a delinquent youth or youth in need of supervision, the youth and the parent or guardian of youth shall be advised by the court, or in absence of the court, by its representative, that the youth may be represented by counsel at all stages of the proceedings. If counsel is not retained, or it appears that counsel will not be retained, counsel shall be appointed for the youth if the parents and the youth are unable to provide counsel, unless the right to appoint counsel was waived by the youth and parent or guardian . . ."

This statute has no application to the case at hand for here the petitioner was in the City Court of Billings on a traffic violation, not as a result of a filing of a petition alleging him to be a delinquent youth or a youth in need of supervision. Our statutes provide in the above-quoted statute, 61-12-601, MCA, for the handling of violations by a minor and the jurisdictions of the court to handle such violation. In addition it should be further noted that the Youth Court Act 41-5-203 provides:

*"Jurisdiction of the Court.* (1) Except as provided in subsection (2), the court has exclusive jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth, a youth in need of supervision, or a youth in need of care or concerning any individual under twenty-one years of age charged with having violated any law of the state or ordinance of any city or town *other than a traffic or fish and game violation prior*

*to having become eighteen years of age."* (Emphasis supplied.)

Having found that neither the statutory provisions of the Montana Youth Court Act apply nor is *Edward,* supra, determinative of the issue at hand, we will consider now the facts of the case presented to us to see if it meets the intent of our law.

■ This presents us with the issue of whether the petitioner, Maier, made a knowledgeable waiver of his rights prior to the time which he entered his plea of guilty.

On the information submitted to us for our consideration in this petition it appears that the petitioner, Lloyd Scott Maier, did, in fact, make a knowledgeable waiver of his rights prior to the time he entered the plea. There is nothing to base any other contention, as made by the comment that he did not understand and know what the law was in regard to the requirements to drive a vehicle in a careful and prudent manner. As a seventeen-year-old, who had been granted a license to drive an automobile, it would appear from his record that he had the capability to determine in his own mind if he had, in fact, failed to comply with the requirements of the laws of the State of Montana.

Here petitioner was given an opportunity by the presiding judge and, in fact, directed to call his parents to have them appear with him at the time he made his appearance. As previously noted, his notice to appear was issued on February 4, 1982, a week before he was required to appear as he did on February 11, 1982. This gave him sufficient opportunity to relay that notice of time for his appearance to a parent or guardian. He could have at the time of his appearance had his parents with him, or as previously noted on the basis of his telephone call to get his parents they could have been with him at the time he made his plea, and it was only after making the call and informing the presiding judge that his parents would not appear that he was allowed to enter his plea of guilty.

We recognize that the right to counsel is one of the funda-

mental rights that support justice in our system and that it is a right essential to minors who are not knowledgeable of their fundamental rights. However, in the case at hand, it does not appear to be that we have one of those cases in which the petitioner, a minor, could claim he did not know what he was doing; that he did not know the consequences of his act; and that he was not given an opportunity to have his parents, guardians, or a chosen counsel to represent him.

In view of the foregoing, we hold that the presiding Judge, Bjertness, did not abuse his discretion in denying petitioner's right to withdraw his plea of guilty and enter a plea of not guilty.

MR. CHIEF JUSTICE HASWELL and JUSTICES WEBER, SHEA, MORRISON SHEEHY and DALY concur.

On Petition for Rehearing

MR. JUSTICE SHEEHY.

On August 20, 1982, we held that petitioner Lloyd Scott Maier, a minor, was not entitled to an order from us allowing him to withdraw his guilty plea in the City Court Billings, Montana, in answer to a charge of traffic violation, (1982), Mont., 662 P.2d 276, 39 St.Rep. 1560.

The sole issue presented to this Court by the petitioners in the 1982 case was whether Maier, as a minor was incompetent to appear in the City Court on the traffic charge without a parent, guardian, or attorney and there enter a plea of guilty. It was contended that the city judge was required to follow the mandates of the Youth Court Act, specifically section 41-5-511, MCA, under our decision of *Edward v. Collings* (1981), Mont., 632 P.2d 325, 38 St.Rep. 1240.

We held in the earlier case involving these petitioners that the minor was in City Court, that the Youth Court Act did not apply, and that the minor was not deprived of a right to

counsel since he had opportunity between the time of the issuance of the traffic ticket against him and the hearing on which to consult with his parents or to obtain counsel.

Following our decision, the petitioners requested reconsideration or rehearing upon the ground that the minor was deprived of equal protection under the law because if he had been charged in Youth Court as a minor, he would have been entitled to an appointment of counsel for him, but because he was in the Billings City Court, he could not claim appointment of counsel as a statutory right. Therefore, petitioners contended in their request for rehearing that the law officers are given a choice in traffic cases, either to bring the minor to District Court, where he has a right to counsel, or to a Municipal Court, where he does not have such a right.

We granted the petition for reconsideration and rehearing, solicited briefs from the parties on the equal protection questions, and ordered that the rehearing be submitted to this Court en banc. The petition for rehearing has been considered by us, and the supporting briefs, and on rehearing, we deny any further relief to the petitioners.

A consideration of the applicable statutes is necessary to demonstrate that the minor misapprehends the courts which have jurisdiction of traffic offenses.

In the statutes which relate to the operation of motor vehicles, section 61-12-601, MCA, provides for the jurisdiction of courts where a minor is charged with unlawful operation of a motor vehicle. Subsection (1) of that statute provides:

"District Courts and the Justice Courts of the state and the Municipal and City Courts of cities and towns shall have concurrent original jurisdiction in all proceedings concerning the unlawful operation of motor vehicles by children under the age of 18 years."

It is to be noted that the Youth Courts of the state are not granted jurisdiction under section 61-12-601 of traffic Court, it is nonetheless true that Youth Courts are courts of special jurisdiction and are separate and apart

from the District Courts. Indeed, in multi-judge judicial districts in this state, by court order, the judges appoint but one of their number to act as a Youth Court judge in each county of the judicial district for a fixed period of time. Section 41-5-201(2), MCA. The jurisdiction of Youth Courts is specifically defined in section 41-5-203, MCA, and the jurisdiction of a Youth Court is not co-extensive with the jurisdiction of a District Court. When therefore, section 61-12-601(1), quoted above, provides for the jurisdiction of traffic offenses concerning minors in "the District Courts" the statute is not thereby fixing jurisdiction of such offenses in the Youth Court.

When the Youth Court jurisdiction statute was originally enacted, section 41-5-203 was broad enough that it appeared therefrom that the Youth Court had exclusive jurisdiction of all proceedings against youths charged with violating laws of the state or ordinances of a city or town. The legislature, however, amended the statute referring to the jurisdiction of the Youth Court so as to exclude traffic and fish and game offenses. Section 41-5-203, now reads as follows:

"41-5-203. Jurisdiction of the court. (1) Except as provided in subsection (2) the court has exclusive original jurisdiction of all proceedings under the Montana Youth Court Act in which a youth is alleged to be a delinquent youth, a youth in need of supervision, or a youth in need of care or concerning any person under 21 years of age charged with having violated any law of the state or ordinance of any city or town other than a traffic or fish and game law prior to having become 18 years age of age.

"(2) Justice, Municipal and City Courts have concurrent jurisdiction with the Youth Court over all alcoholic beverage violations alleged to have been committed by a youth." (Underlined material reflects 1979 amendment.)

Under the statutory scheme the Youth Court has concurrent jurisdiction with Justice, Municipal and City Courts for alcoholic beverage violations committed by youths, but

does not have any jurisdiction of offenses involving traffic law violations by minors.

The provisions of section 61-12-601, MCA, are therefore exclusive as to jurisdiction of traffic offenses involving minors, and Youth Courts in this state are granted no jurisdiction of such traffic law violations.

We agree that all persons must be treated alike under like circumstances and conditions, both in privileges conferred and in liabilities imposed. 1972 Mont.Const., Art. II, §4. There is not a violation of that constitutional clause in the situation presented here. The legislature, in amending section 41-5-203, MCA (the Youth Court Act) removed traffic violations from the jurisdiction of the Youth Court. It is only when a charge is brought in Youth Court that a youth has the right to waive his constitutional rights either consulting with his parents, or with the advice of counsel. Section 41-5-303, MCA. In matters of traffic violations, all minors are treated alike in this state, regardless of the court in which the charge is filed.

Since a minor may not be held in any detention facility or jail by reason of a traffic violation, nor for nonpayment of a fine resulting therefrom, the minor is not entitled to counsel as a fundamental right. Even as an indigent, his right to appointment of counsel exists only where the defendant may lose his physical liberty if he loses the litigation, it being the defendant's interest in personal freedom, and not simply the special Sixth and Fourteenth Amendments of right to counsel in criminal cases, which triggers the right to appointed counsel. *Lassiter v. Department of Social Services* (1981), 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640.

The minor in this case filed his petition in this Court on the basis of his Fourteenth Amendment rights, but concentrated his argument on the equal protection clause of that amendment. Not raised in the briefs or as an issue in the case is the possible query under the federal Fourteenth Amendment due process clause, and the state due process

clause (1972 Mont. Const., Art. II, § 17) as to the impoundment of the motor vehicle belonging to the parents for the nonpayment by the minor of the $45 fine assessed against him. The provisions of section 61-12-601(3), MCA, providing for the impoundment of a vehicle owned by another but driven by a minor upon nonpayment of a fine by a minor, may present a due process problem in a proper case, but that issue is not raised in this case, nor are the proper parties before us.

Therefore, on rehearing, we again deny the petition for writ of supervisory control to permit the minor to withdraw his plea of guilty to the traffic violation.

MR. CHIEF JUSTICE HASWELL and JUSTICES SHEA, MORRISON, WEBER, HARRISON and GULBRANDSON concur.